UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
-------------------------------------------------------X

David Vanronk,

                    Plaintiff,

        -against-

Commercial Recovery Systems, Inc.

                 Defendant.

-------------------------------------------------------X

Civil Action No.: 5:13-cv-00293

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff David Vanronk ("Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against the Defendant Commercial Recovery Systems ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.    Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, this Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

4.      Plaintiff is a resident of the State of Texas, in Bexar County, residing at 626 Chauncey Drive #4 San Antonio, Texas. At all relevant times herein, Plaintiff maintained his residence at this address.

5.      Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of Texas.

6.      Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8035 E. R. L. Thornton FWY, STE #220, Dallas, Texas 75228.

7.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8.      Upon information and belief and at all relevant times, Defendant is a "debt collector" as the term is defined in 15 U.S.C. §1692a(6) of the FDCPA.

9.      In fact, upon information and belief, on a website maintained by Defendant at the URL address of www.crsresults.com, Defendant informs visitors to the website, "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts." Thus, Defendant holds itself out as an entity engaged in the business of being a debt collector, and is subject to the requirements of the FDCPA.

10.     Upon information and belief, Defendant was attempting to collect a debt from Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

11.     Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## GENERAL FACTS

12.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13.     Plaintiff allegedly incurred a debt to Citi Bank (referred to hereinafter as the "Alleged Debt"), and upon information and belief, the nature of the underlying debt allegedly owed by Plaintiff is the type of debt that the FDCPA was designed to regulate.

14.      Beginning in or about February 2013, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt

15.     On or about February 18, 2013, at or around 9:12am, and, at or around 9:19am, Plaintiff received two telephone calls from Defendant's agent, David Fisher, on his cell phone, xxx-xxx-7396.

16.     On or about February 19, 2013, at 9:23am, Plaintiff received another call from Defendant's agent, Samantha, again on his cell phone, xxx-xxx-7396.

17.     Upon information and belief, both of Defendant's agents notified Plaintiff that if Plaintiff would not settle the account with Defendant, Defendant would sue Plaintiff.

18.     Plaintiff made Defendant's agents aware in both telephone communications that the statutes of limitations had already expired on the Alleged Debt, and that Defendant can no longer collect on the debt.

19.     Upon information and belief, the communications were made for the purpose of attempting to collect a consumer debt or otherwise demand payment.

20.     In said communications, Defendant willfully failed to identify itself as a debt collector.

21.     Defendant willfully failed to state its company name.

22.     Defendant willfully failed to state that the call was an attempt to collect on a debt.

23.     Plaintiff alleges that such omissions were an attempt to deceive the Plaintiff.

24.     As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

25.     As a direct consequence of the Defendant's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692d(6)

26.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

21.     Defendant's conduct violated 15 U.S.C. §1692d(6) in that Defendants placed at least one phone call to Plaintiff without disclosing its identity as a debt collection agency.

22.     As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(2)

27.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.    Defendant's conduct violated 15 U.S.C. §1692e(2), which prohibits false and misleading representation in communications with regard to the character or legal status of the debt, when Defendant knowingly attempted to collect on the Alleged Debt despite being aware that the debt was past the legal statute of limitations, misrepresenting that it was able to collect on the debt.

29.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## Violation of 15 U.S.C. § 1692e(5)

30.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.    Defendant's conduct violated 15 U.S.C. §1692e(5), which prohibits threatening to take legal action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to sue Plaintiff if Plaintiff would not pay the Alleged Debt when it had no authority to do so.

32.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## Violation of 15 U.S.C. § 1692e(11)

33.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34.     Defendant's conduct violated 15 U.S.C. §1692e(11), which requires initial communications from a debt collector to contain the mini-Miranda warning "This is an attempt to collect a debt… and subsequent communications to disclose that the communication is from a debt collector".

35.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(11)

36.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's conduct violated 15 U.S.C. §1692f(1), which prohibits the unfair practice of attempting to collect any amount not authorized by law, when Defendant tried to collect the Alleged Debt knowing that it was past the statute of limitations.

38.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**DEMAND FOR TRIAL BY JURY**

39.      Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.


**PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiff David Vanronk demands judgment against the Defendant

Commercial Recovery Systems as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A):

   C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

   D.   For a declaration that the Defendant is subject to the requirements of the FDCPA and its

      practices, as alleged herein, violated the FDCPA; and,

   E.    For any such other and further relief, as well as further costs, expenses and disbursements

      of this action, as this Court may deem just and proper.


Dated:  New York, New York
            April 10, 2013
                                     Respectfully submitted,



                          By:    s/ Jacob J. Scheiner
                                  Jacob J. Scheiner, Esq.
                            Fredrick Schulman & Associates
                            Attorney for Plaintiff
                            30 East 29TH Street
                            New York, New York 10016
                            (212) 796-6053
                            jscheiner@fschulmanlaw.com